FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2002 FEB -8 AM 11:36
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

CONNIE CATCHINGS

Plaintiff,

Versus

ST. TAMMANY ASSOCIATION FOR RETARDED CITIZENS

Defendants.

MISC. ACTION

NO. 01-2111

SECTION F (2)

## AMENDED COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Plaintiff Connie Catchings, who hereby amends her Complaint to read:

### I. JURISDICTION

1. Jurisdiction of this Court is conferred pursuant to 28 U.S.C. § 1331, § 2201, §2202. This suit is instituted and authorized under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000 et seq., and Louisiana law.

### II. PARTIES

2. Plaintiff is a female African-American citizen of the State of Louisiana of full age and majority and domiciled in the Parish of St. Tammany, State of Louisiana.

3. St. Tammany Association for Retarded Citizens ("STARC"), doing business as St. Tammany Association for Retarded Citizens is a non-profit agency with 15 or more



employees doing business in St. Tammany Parish, Louisiana and is domiciled at 1541 St. Ann Place, Slidell, LA 70460.

4. Upon information and belief, STARC owns, operates, maintains and controls a facility located at 1541 St. Ann Place, Slidell, LA 70460.

## III. ADMINISTRATIVE PROCEEDINGS

5. Plaintiff Connie Catchings ("Plaintiff") filed a complaint with the Equal Employment Opportunity Commission on March 5, 2001, (EEOC Charge No. 270-A1-1316), alleging employment discrimination by the St. Tammany Association for Retarded Citizens ("STARC"). Plaintiff received a Notice of Right to Sue letter from the EEOC dated June 13, 2001. This suit was timely filed on July 10, 2001.

## IV. FACTS

6. STARC is subject to the rules, regulations, statutes, provisions and laws contained in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and Louisiana law.

7. Upon information and belief, Sherri Johnston ("Johnston"), White, at all relevant times hereinafter alleged was employed by STARC in a supervisory capacity program and was empowered to supervise and make decisions concerning the hiring, work assignments, promotion, training opportunities, and firing of prospective and current STARC employees.

8. Upon information and belief, at all relevant times herein alleged Johnston acted within the scope of her employment with STARC.

9. At all relevant times herein alleged, Plaintiff was employed by STARC and in particular from August 1999 to February 7, 2001 Plaintiff was employed by STARC as a direct support professional.

10. Upon information and belief, on or about February 7, 2001, and for some time prior thereto, Plaintiff was employed as a direct support professional under the direct supervision of Johnston.

11. On or about February 7, 2001, and for some time prior thereto, Plaintiff questioned the procedures and reasoning used in making employment decisions including those relating to wages and pay raises.

12. On or about February 7, 2001 and for some time prior thereto, Plaintiff received several written warnings about her job performance.

13. On February 7, 2001, STARC, by and through its employee Johnston, terminated Plaintiff's employment at STARC.

14. Upon information and belief, other STARC employees, all White, received as many or more written warnings as Plaintiff.

15. Upon information and belief, the employees referenced in paragraph 16 were not terminated despite receiving at least the same number of written warnings as Plaintiff.

16. The reason given for Plaintiff's termination was false and a pretext. The real reason for Plaintiff's termination was her race and her engagement in protected labor activity.

17. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission, and brought this action within 90 days of the receipt of the Notice of Right to Sue. Plaintiff has exhausted her administrative remedies. This action is timely filed.

## V. CLAIMS

18. The Defendant STARC has unlawfully pursued a policy and practice of discrimination against Catchings, which adversely affected her employment status because of her

race. Such illicit practices are clearly in violation of Title VII, 42 U.S.C. 2000e et seq. and LA R.S. 23:332.

19. Defendant violated Louisiana state law by recklessly or intentionally inflicting emotional distress upon the Plaintiff.

20. Defendant was negligent in the supervision of its employees in violation of Louisiana Law, LSA-C.C. Art. 2315 et seq.

21. Defendant breached its employment agreement with plaintiff in violation of Louisiana law, LSA-C.C. Art. 1906 et seq.

22. Plaintiff has suffered and will continue to suffer loss of income, emotional and mental anguish as a result of STARC's actions.

## VI. PRAYER FOR RELIEF

Plaintiff prays that there be judgment in her favor:

a.) declaring that the actions of Defendant STARC complained of herein violate Plaintiff's rights as secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e et seq., and also under Louisiana state law;

b.) declaring that the actions of the Defendants constituted a failure to abide by the St. Tammany Parish Personnel Rules and the St. Tammany Parish Rules of Conduct and that this conduct constituted a breach of contract;

c.) declaring that the actions of the Defendants constituted reckless or intentional infliction of emotional distress upon the plaintiff;

d.) awarding Plaintiff with lost wages and benefits; compensatory damages and any other damages provided by law;

e.) awarding Plaintiff costs of litigation, reasonable attorneys fees, and other fees as provided for by 29 U.S.C. § 521.6(b) and § 706(k) of Title VII and;

f.) any and all such further relief as this Court may deem proper.

Respectfully Submitted,

**JANE JOHNSON, #7300**
**CHARLES WILLIAMS, #20636**
Supervising Attorneys
Tulane Law Clinic
6329 Freret Street
New Orleans, Louisiana 70118
(504)-865-5153

**WENDY M. FIEL**
Student Attorney
Tulane Law Clinic
6329 Freret Street
New Orleans, Louisiana 70118
(504)-865-5153

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by placing same in the United States mail, postage prepaid and properly addressed this 7th day of February, 2002

JANE JOHNSON #7300
CHARLES WILLIAMS #20636