

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CONNIE CATCHINGS** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 01-2111** |
| **ST. TAMMANY ASSOCIATION FOR RETARDED CITIZENS** | * | **SECTION "F"** |
| | * | **MAGISTRATE 2** |

\* \* \* \* \* \* \* \*

### ANSWER AND DEFENSES OF DEFENDANT ST. TAMMANY ASSOCIATION FOR RETARDED CITIZENS

NOW INTO COURT, through undersigned counsel, comes defendant St. Tammany Association of Retarded Citizens (hereinafter referred to as "STARC") who answers and defends against plaintiff's complaint as follows:

#### FIRST DEFENSE

Plaintiff's claims herein are all untimely. Plaintiff had 90 days from receipt of her right to sue letter to file suit. It is unclear what, if anything she filed that would qualify as a lawsuit.

#### SECOND DEFENSE

Plaintiff represents that she filed suit on July 10, 2001. However, no service was ever made on defendant and pursuant to FRCP 4(m) this matter should have been put on the call docket and dismissed. Further, plaintiff never timely served this matter

### THIRD DEFENSE

At all relevant times herein defendant acted in good faith and for legitimate nondiscriminatory reasons in its dealings with plaintiff.

### FOURTH DEFENSE

Plaintiff has failed to state a claim for relief under La. C.C. Article 2315 which cannot be the basis for employment discrimination claims.

### FIFTH DEFENSE

Plaintiff was at all times an at will employee and has, therefore, failed to state a claim for relief under La. C.C. Article 1906.

### SIXTH DEFENSE

Pursuant to La. R.S. 23:332 et seq defendant asserts that this claim is frivolous and plaintiff is liable to defendant for its costs and attorneys fees.

### SEVENTH DEFENSE

Personnel policies and procedures do not constitute a contract under Louisiana law.

### EIGHTH DEFENSE

Plaintiff has failed to mitigate her damages by seeking and/or accepting other employment.

### NINTH DEFENSE

Plaintiff has failed to state a claim for punitive damages.

### TENTH DEFENSE

To the extent plaintiff did not timely file suit this court lacks subject matter jurisdiction.

## ELEVENTH DEFENSE

Plaintiff's claims of negligence in supervision, or otherwise, are prescribed.

## TWELFTH DEFENSE

Plaintiff has failed to state a claim for intentional infliction of emotional distress under Louisiana law.

## THIRTEENTH DEFENSE

Plaintiff has failed to state a claim for relief for protesting labor practices.

## FOURTEENTH DEFENSE

Plaintiff's claim for retaliation for protesting labor practices is prescribed.

## ANSWER

1.

The allegations of paragraph 1 do not require answer but defendant contends that plaintiff's suit is untimely and, if correct, this court lacks subject matter jurisdiction.

2.

The allegations of paragraph 2 are admitted.

3.

The allegations of paragraph 3 are admitted.

4.

The allegations of paragraph 4 are admitted.

5.

The allegations of paragraph 5 are denied as defendant is unaware of a lawsuit being filed

on July 10, 2001.

6.

The allegations of paragraph 6 are admitted.

7.

In reference to the allegations of paragraph 7 it is admitted that Ms. Johnston was in a supervisory capacity with defendant with certain supervisory authority.

8.

The allegations of paragraph 8 are admitted based upon information and belief.

9.

The allegations of plaintiff's employment with STARC are admitted. The duration and exact job title is denied for lack of sufficient information at this time.

10.

The allegations of paragraph 10 are admitted.

11.

The allegations of paragraph 11 are denied.

12.

The allegations of paragraph 12 are admitted.

13.

In reference to the allegations of paragraph 13 it is admitted that plaintiff was terminated but the implication that Johnston made this determination in a vacuum is denied.

14.

The allegations of paragraph 14 are denied.

15.

The allegations of paragraph 15 are denied and no employees are referenced in paragraph 16 other than plaintiff.

16.

The allegations of paragraph 16 are denied.

17.

The allegations of paragraph 17 are denied.

18.

The allegations of paragraph 18 are denied.

19.

The allegations of paragraph 19 are denied.

20.

The allegations of paragraph 20 are denied.

21.

The allegations of paragraph 21 are denied.

22.

The allegations of paragraph 22 are denied along with the prayer for relief.

WHEREFORE, defendant St. Tammany Association for Retarded Citizens prays that its answer be deemed good and sufficient and after due proceedings there be judgment in its favor dismissing plaintiff's claims at plaintiff's cost and awarding defendant such cost and fees as is appropriate.

LEBLANC, TUSA & BUTLER, LLC

_____
MICHAEL T. TUSA, JR., #02154
2121 Airline Drive
Suite 405
Metairie, Louisiana 70001
(504) 828-1010 (phone)
(504) 828-1079 (fax)
Attorney for St. Tammany Association for Retarded Citizens

### CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been forwarded to all counsel of record via U.S. Mail, postage pre-paid and properly addressed, this 13th day of February, 2002.

_____
MICHAEL T. TUSA, JR.

S:\mtusa\2862-005 (01-2111)\ANSWER.wpd